BELLOTT *v.* WEATHERLY.

5-1728                                                    318 S. W. 2d 152

Opinion delivered December 1, 1958.

*John F. Gibson,* for appellant.

*W. P. Switzer,* for appellee.

PAUL WARD, Associate Justice.   On August 20 and 29, 1957, pursuant to Ark. Stats. § 20-701 *et seq.,* certain property owners in the vicinity of Crossett filed petitions in the County Court of Ashley County to form two improvement districts.   One was Fire Protection District No. 1 and the other was Natural Gas Improvement District No. 2.

On September 9, 1957, after proper notice, the County Court ordered the creation and establishment of

the two districts mentioned above. The order states the following findings of fact: ". . . the proposed district includes lands lying adjacent to the City of Crossett, Arkansas, which has a population of more than 5,000 inhabitants . . ."; ". . . all of said lands are situated wholly outside the corporate limits of said city . . .", and; ". . . said petition is signed by a majority in value and area of the owners of real property within the hereinafter described territory and said proposed district." The court also appointed appellees as commissioners.

On December 6, 1957 an appeal was taken to the Circuit Court, and a hearing was set for December 16, 1957. On the latter date an intervention was filed by two property owners who were given until January 13, 1958 to file pleadings and ask for legal relief.

On the date last mentioned a hearing was held at which time testimony was introduced by both sides. At the conclusion of this hearing the Circuit Court entered judgment affirming the order of the County Court creating the two districts.

For a reversal appellants rely on three grounds, to-wit: The court erred (a) in placing the burden of proof on appellants, (b) in accepting the testimony of the Tax Assessor, and (c) in considering the 1956 assessments.

Under the view which we have taken it will not be necessary to discuss all of the above points. The County Court, as has heretofore been noted, found that all statutory prerequisites had been complied with. On appeal it was the duty of the Circuit Court to approve the order of the County Court unless it was shown by the testimony that the County Court order was in error. The burden was on appellants to make this showing. This was not done.

The case of *Henry* v. *Board of Improvement of Paving District No. 3,* 170 Ark. 673, 280 S. W. 987 is, we think, conclusive of the above rule. In that case the City Council held that the signers of a petition for the

creation of an improvement district constituted a majority in value of the property owners therein. An appeal was taken as provided by the statute, to the Chancery Court. On appeal to this court we held that ". . . in the very nature of things, the finding of the council must be treated as *prima facie* correct, and the burden rests upon the attacking party to show to the contrary." The language in the appeal statute in the cited case and in the appeal statute here (§ 20-702) is the same. Precisely the same question was likewise decided in *Dunbar* v. *Street Improvement District No. 1 of Dardanelle,* 172 Ark. 656, 290 S. W. 372, citing the *Henry* case with approval.

It would serve no useful purpose to set out the testimony introduced in the Circuit Court. Suffice to say we have read it carefully and find nothing to contradict the findings of the County Court. In fact appellants make no contention to the contrary.

We might add that the County Court and the Circuit Court were correct in using the 1956 assessment as a basis. The 1957 assessment list was not completed on September 9, 1957 when the order of the County Court was entered. See *Arkansas Tax Commission* v. *Ashby,* 217 Ark. 759, 233 S. W. 2d 361.

Affirmed.